UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1353 HEA |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendants Fred Rottnek, Kay Greenwell and Rose Raftery's Motions for Summary Judgment, [Doc. Numbers 32, 35 and 38, respectively]. Plaintiff has filed opposing affidavits with respect to Greenwell and Raftery's Motions, but has not filed a response to Rottnek's Motion. For the reasons set forth below, the Motions are granted.

### Introduction

Plaintiff, is incarcerated in the St. Louis County Department of Justice (Justice Services). Plaintiff filed his *pro se* Amended Complaint on December 13, 2004. Plaintiff's Amended Complaint is brought under the provisions of 42 U.S.C. § 1983. The Complaint alleges that the defendants denied him medical treatment while he was a pretrial detainee in the Justice Services, that this denial was

deliberately indifferent, and that defendants' actions violated his constitutional rights under the Fourteenth Amendment. Plaintiff contends that defendants did not provide proper medical care for his hernia, carpal tunnel, arthritis and according to plaintiff, some sort of liver problem. Defendants Rottnek, Greenwell and Raftery move for summary judgment contending that the record establishes that no issues of material fact exist and therefore they are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## Facts and Background

Plaintiff was placed in the custody of Justice Services on April 11, 2004. An Intake RN Assessment was performed at that time. Plaintiff listed his health problems as a hernia that existed for at least the last eighteen months, arthritis, carpal tunnel syndrome, a liver problem and bronchitis.

Plaintiff made a sick call request on April 14, 2004 because the hernia in his right groin was causing a lot of pain. Plaintiff was examined by Dr. Jamal Makhoul of the St. Louis County Department of Health-Corrections Medicine on April 16, 2004. Dr. Makhoul ordered a surgical consult for the repair of plaintiff's inguinal hernia. Plaintiff was released from Justice Services custody prior to a surgical consultation.

Plaintiff returned to the custody of Justice Services on July 18, 2004. Plaintiff

was taken to St. John's Mercy Medical Center emergency room where he was evaluated by Dr. Wilson for complaints that he was kicked in the testicles. Dr. Wilson concluded that there was no evidence of trauma to plaintiff's testicles, however, Dr. Wilson observed that plaintiff had a pre-existing right inguinal hernia and recommended that he have surgery to repair the hernia at some point in the future. Dr. Wilson cncluded that plaintiff was fit for confinement in a correctional institution at that time. Plaintiff was placed in the general population fo the jail and was prescribed 800 mg ibuprofen three times per day.

On July 31, 2004, after being notified that plaintiff was experiencing pain and swelling associated with his hernia, Dr. William Feldner of the Department of Health-Corrections Medicine referred plaintiff to the Forest Park Hospital Emergency Room. Plaintiff was evaluated by Dr. Frederico Jimenez. Dr. Jimenez ordered x-rays and tests. He concluded that plaintiff's hernia would reduce in size or disappear completely when plaintiff would lie down or flatten it with his hand. Dr. Jimenez recommended that plaintiff wear a scrotal supporter at all times, use an icepack during periods of increased swelling and continue taking 800 mg ibuprofen. The Discharge Instructions for plaintiff included that a surgeon consult was needed for the hernia.

Plaintiff made a Sick Call Request on August 4, 2004, in which he

complained that the scrotal support and ibuprofen were not helping the pain from his hernia. Plaintiff made a Sick Call Request on August 18, 2004 and a Sick Call Request on August 19, 2004. Plaintiff complained that the over the counter pain relievers were not alleviating his pain from the hernia. The Corrections Medicine Nurse started plaintiff on Ultram 50 mg tablets for a thirty day period to alleviate his pain.

On September 3, 2004 plaintiff was having blood pressure problems and a code was called. Corrections Medicine placed plaintiff in the jail infirmary overnight. He was returned to the general population on the afternoon of September 4, 2004. He continued to receive Norvasc 2.5 mg for high blood pressure. This blood pressure treatment was continued until his release on January 16, 2005.

Plaintiff had a surgical consult for his hernia. Surgery was scheduled for October 4, 2004. Surgery was performed on that date on an outpatient basis at Forest Park Hospital. Plaintiff recovered in the jail infirmary from October 4, 2004 until October 7, 2004. Plaintiff had a follow up visit with his surgeon at Forest Park Hospital on October 7, 2004. He was returned to the general population of the jail with his activities limited.

On November 1, 2004, Corrections Medicine started plaintiff on a new prescription of Ultram due to a complaint of abdominal pain in the area of his hernia

repair.  On November 7, 2004, an additional surgery was performed in the area of plaintiff's hernia repair at Forest Park Hospital.

Plaintiff complained about his pre-existing carpal tunnel syndrome condition on November 7, 2004.  On November 19, 2004 and November 29, 2004, plaintiff received treatment for this condition.  Lab work was also performed by Quest Diagnostics.

In response to defendants Raftery and Greenwell's Statement of Uncontroverted Facts, plaintiff has submitted his 26 page affidavit wherein plaintiff continues to claim that defendants were deliberately indifferent to his serious medical needs.  Plaintiff's affidavit is pregnant with conclusory accusations that defendants continue to lie and mislead the Court.  Plaintiff, in his affidavit, avers that he was not provided with the proper medical attention his condition required (he was given an athletic supporter and not a scrotal support for his hernia) and that he experienced pain and suffering to which defendants were indifferent.  Plaintiff has not supported these allegations with references in the record.  Plaintiff has also submitted his 16 page affidavit in response to defendants Greenwell and Raftery's reply to his original affidavit, wherein he continues to accuse defendants of lying and misleading the Court, however, once again, plaintiff fails to support this self-serving affidavit with any documentation in the record.

## Summary Judgment Standard

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)." Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477

U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate his allegations with sufficient probative evidence that would permit a finding in his favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). 'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). 'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Id.* at 248, 106 S.Ct. 2505." *SBC Communications, Inc.* 2005 WL 1903734, *1 (8th Cir. 2005).

## Discussion

A pretrial detainee's claim of medical indifference is evaluated under the due

process clause of the Fourteenth Amendment. As defendants correctly note, the Eighth Circuit has ruled that a pretrial detainee is "entitled to at least as much protection under the Fourteenth Amendment as under the Eight Amendment." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Thus, a pretrial detainee's Fourteenth Amendment claim of deliberate indifference is evaluated under the standards for determining an Eighth Amendment violation. *Id.* "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Wison v. Seiter*, 501 U.S. 294, 298 (1991)." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). To prevail on a deliberate indifference claim against defendant, plaintiff must show he suffered from a serious medical need and defendants knew of, yet disregarded, the need. *See Hartsfield,* 371 F.3d at 457; *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir.1999).

Defendants Rottnek, Greenwell and Raftery move for summary judgment arguing that the record establishes that their actions fail to establish that they were deliberately indifferent to plaintiff's serious medical needs under the established law.

**Defendants Greenwell and Raftery**

Plaintiff has failed to create any genuine issues of material fact regarding his

Eighth Amendment claims against defendants Greenwell and Raftery. While plaintiff's claims may satisfy the objective aspect of the two prong test showing that he has serious medical needs, see *Roberson*, 198 F.3d at 648 (need or deprivation alleged must be either obvious to layperson or supported by medical evidence, like physician's diagnosis), plaintiff cannot prove that these defendants knew of the serious medical needs and deliberately disregarded them. The subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 835-36 (1994). "Deliberate indifference" entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*, at 837. See also, *Bender v. Regier,* 385 F.3d 1133, 1137 (8th Cir. 2004).

The record before the Court shows that while in the Justice Services, plaintiff was treated on a number of occasions. His complaints were answered and he was seen by medical personnel both inside and outside the Justice Services system. Plaintiff's major medical need, his hernia, was satisfactorily corrected through surgery. Prior and subsequent to the surgery, treatment of plaintiff's hernia was performed. Plaintiff was given medication for pain. This course of treatment was

consistent with plaintiff's medical needs.

Plaintiff argues that he was not given a scrotal support, rather, he was given an athletic supporter and as such, plaintiff contends that defendants were deliberately indifferent to his needs and his pain. This argument, however, fails to establish a constitutional violation. Plaintiff was given a supporter. Other than plaintiff's unsupported allegation regarding the type of supporter he was given regarding his pain, Plaintiff fails to establish that the supporter he was given did not help with his hernia before his surgery. Plaintiff's disagreement with his treatment is insufficient to support a deliberately indifferent claim. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997) (prison doctors remain free to exercise their independent medical judgment).

**Defendant Rottnek**

Defendant Rottnek moves for summary judgment based on the ground that he never saw plaintiff as a patient. Plaintiff has presented nothing to controvert this fact, nor has plaintiff responded in anyway to Rottnek's Motion for Summary Judgment. Rottnek has submitted his affidavit, which is supported by the record which establishes that he reviewed plaintiff's medical records in his capacity as medical director for the St. Louis County Department of Health, Corrections. Plaintiff has not set forth any facts grounded in the record before the Court that

defendant Rottnek was directly responsible for his claims of deliberate indifference to his serious medical needs. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir.1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for actions that injured plaintiff); *Glick v. Sargent,* 696 F.2d 413, 414-15 (8th Cir.1983) (respondeat superior theory inapplicable to § 1983 suits). Because there is no showing that defendant Rottnek was directly responsible for plaintiff medical care, he is entitled to judgment as a matter of law.

## Conclusion

Based upon the foregoing, plaintiff has failed to present any genuine issues as to any material fact to establish that defendants Rottnek, Greenwell and Raftery have violated his constitutional rights. They, therefore, are entitled to judgement as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Fred Rottnek, Kay Greenwell and Rose Raftery's Motions for Summary Judgment, [Doc. Numbers 32, 35 and 38,

respectively] are granted.

**IT IS FURTHER ORDERED** that judgment in their favor shall be entered when all remaining issues herein have been resolved.

Dated this 2nd day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE